**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NELSON COBAS,

    Petitioner,                                  Civil No. 00-CV-74647-DT
                                                      HONORABLE DENISE PAGE HOOD
v.                                                       UNITED STATES DISTRICT JUDGE

CAROL HOWES,

    Respondent,
_____/

**ORDER TRANSFERRING CASE TO THE COURT OF APPEALS
PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

**I.    INTRODUCTION**

Nelson Cobas, ("Petitioner"), an inmate at the Lakeland Correctional Facility in Coldwater, Michigan, previously filed an application for a writ of habeas corpus before this Court pursuant to 28 U.S.C. § 2254. In his application, Petitioner challenged his 1991 conviction and sentence out of the Oakland County Circuit Court for first degree murder, M.C.L.A. 750.316; M.S.A. 28.548. The petition was dismissed on the ground it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *Cobas v. Burgess,* U.S.D.C. 00-CV-74647-DT, 2002 WL 230794 (E.D. Mich. January 31, 2002); *aff'd* 306 F. 3d 441 (6th Cir. 2002); *cert. den.* 538 U.S. 984 (2003); *reh. den.* 539 U.S. 970 (2003).

Petitioner subsequently filed a second petition for writ of habeas corpus, which was transferred to the United States Court of Appeals for authorization to file a successive petition. *See Cobas v. Howes,* No. 2:06-CV-11560-DT, 2006 WL 1195810 (E.D. Mich. May 2, 2006)(Cleland, J.). The Sixth Circuit denied Petitioner permission to file a successive petition. *In Re Cobas,* U.S.C.A. No. 06-1646 (6th Cir. October 24, 2006).

1

On February 5, 2008, Petitioner filed a third petition for writ of habeas corpus, which was transferred to the United States Court of Appeals for authorization to file a successive petition. *See Cobas v. Howes,* U.S.D.C. No. 08-10516 (E.D. Mich. February 11, 2008)(O'Meara, J.). This case remains pending before the Sixth Circuit. *In Re Cobas,* U.S.C.A. No. 08-1171 (6th Cir. 2008).

On February 4, 2008, Petitioner filed an "Application and Brief in Support of Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus", which is construed by this Court as a request to re-open his previous petition before this Court.

For the following reasons, the Court has concluded that it must transfer this case to the Court of Appeals.

**II.     ANALYSIS**

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id. See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This

requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, Petitioner has previously filed a habeas petition with this Court, which was dismissed on the ground that it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). The dismissal of a state prisoner's § 2254 petition for failure to comply with the AEDPA's one-year statute of limitations is considered an adjudication on the merits that renders any future petitions filed under § 2254 which challenge the same conviction a "second or successive" petition for the purpose of § 2244(b). *See Murray v. Greiner,* 394 F. 3d 78, 81 (2nd Cir. 2005); *Reyes v. Vaughn,* 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003). This Court's dismissal of Petitioner's prior habeas application on the ground that it was barred by the statute of limitations was therefore an adjudication on the merits of Petitioner's prior habeas application, for the purpose of § 2244(b).

The current application is therefore a second or successive petition for habeas relief. Although Petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), Petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for

this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether Petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald*, 514 F. 3d 539, 543-44 (6th Cir. 2008).

## III. CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

IT IS ORDERED that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 9, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Nelson Cobas, Reg. No. 186571, Lakeland Correctional Facility, 141 First St., Coldwater, MI 49036 on September 9, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager