**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NELSON COBAS,

    Petitioner,                      Civil No. 00-CV-74647-DT
                                        HONORABLE DENISE PAGE HOOD
v.                                          UNITED STATES DISTRICT JUDGE

DEBRA SCUTT,

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO CORRECT THE OPINION AND ORDER AND THE SUPPLEMENTAL MOTION FOR REVIEWING PROCEDURAL HISTORY AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

**I. Introduction**

Nelson Cobas, ("petitioner"), an inmate at the Cotton Correctional Facility in Jackson, Michigan, previously filed an application for a writ of habeas corpus before this Court pursuant to 28 U.S.C. § 2254. [1] In his application, petitioner challenged his 1991 conviction and sentence out of the Oakland County Circuit Court for first degree murder. The petition was dismissed on the ground it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1).

---

[1] When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Lakeland Correctional Facility, but has since been transferred to the Cotton Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Therefore, the Court substitutes Warden Debra Scutt in the caption.

*Cobas v. Burgess,* U.S.D.C. 00-CV-74647-DT, 2002 WL 230794 (E.D. Mich. January 31, 2002); *aff'd* 306 F. 3d 441 (6th Cir. 2002); *cert. den.* 538 U.S. 984 (2003); *reh. den.* 539 U.S. 970 (2003).

Petitioner has subsequently been denied permission to file a second habeas petition by the Sixth Circuit several times. *In Re Cobas,* U.S.C.A. No. 06-1646 (6th Cir. October 24, 2006); *In Re Cobas,* U.S.C.A. No. 08-1171 (6th Cir. October 23, 2009); *In Re Cobas,* U.S.C.A. No. 08-2471 (6th Cir. April 29, 2009); *In Re Cobas,* U.S.C.A. No. 13-1139 (6th Cir. October 8, 2013).

Petitioner has now filed a motion to correct the Court's opinion and order of summary dismissal and a supplemental motion for reviewing the procedural history of the case. For the reasons that follow, the motions are DENIED.

E.D. Mich. L.R. 7.1(g)(1) states that: "A motion for rehearing or reconsideration must be filed within ten days after entry of the judgment or order." *Id.* The provisions of Local Rule 7.1 are analogous to Fed.R.Civ.P. 59(e), which provides that any motion to alter or amend a judgment shall be filed no later than ten days after entry of the judgment. *United States v. Moss*, 189 F.R.D. 354, 355, n. 2 (E.D. Mich. 1999). District courts do not have discretion to enlarge the time for filing a motion to alter or amend judgment brought under Rule 59(e). *FHQ Equities, LLC v. MBL Life Assurance Corp.,* 188 F. 3d 678, 682 (6th Cir. 1999). A district court is also without power to enlarge the time for making motions for reconsideration of their orders. *Denley v. Shearson/American Express, Inc.,* 733

F. 2d 39, 41 (6th Cir. 1984). Because petitioner filed his motions well after the expiration of the ten day period for seeking reconsideration of the Court's opinion and order of summary dismissal, petitioner's motions should be construed as motions for relief from judgment filed pursuant to Fed. Civ. P. 60(b). *see Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998).

Pursuant to Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
> (6) any other reason justifying relief from the operation of the judgment.

The Court will dismiss petitioner's Rule 60(b) motions because they are untimely. Fed. R. Civ. P. 60(c)(1) indicates that:

> A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Petitioner argues that this Court failed to toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2) for the time that his second motion for relief from judgment was pending in the state courts. Because petitioner's motions

challenge an alleged mistake by this Court, they must be construed as brought pursuant to Fed. R. Civ. P. 60(b)(1). Because these motions were not brought within one year of the Court's judgment, the motions for relief from judgment must be rejected as untimely. *See Mitchell v. Rees,* 261 Fed. Appx. 825, 830-31 (6th Cir. 2008).

Moreover, even if the motions were timely filed, petitioner would not be entitled to relief from judgment for two reasons. First, the Sixth Circuit has ruled that a habeas petitioner's second motion for relief from judgment that is rejected by the state courts pursuant to M.C.R. 6.502(G), as petitioner's second post-conviction motion was, is not a properly filed application for post-conviction relief that would toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See Williams v. Birkett,* 670 F. 3d 729, 733 (6th Cir. 2012). The Sixth Circuit has also ruled that appeals from the denial of a successive motion for relief from judgment do not toll the limitations period. *Bey v. Capello*, 525 Fed. Appx. 405, 409 (6th Cir. 2013); *cert. den.* 134 S. Ct. 328 (2013). Petitioner's second motion for relief from judgment did not toll the limitations period.

Secondly, this Court found that even if the limitations period was tolled for the time period that petitioner's second post-conviction motion was pending in the state trial and appellate courts, his petition was still untimely. *Cobas v. Burgess,* 2002 WL 230794, at * 2. Because petitioner's habeas application was untimely even giving petitioner the benefit of tolling for the time that his second post-

conviction motion was pending in the state courts, he is not entitled to relief. Petitioner's motions are denied.

The Court will also deny petitioner a certificate of appealability.  A habeas petitioner is required to obtain a certificate of appealability in order to appeal the denial of a motion for relief from judgment brought pursuant to Fed. R. Civ. P. 60(b). *See U.S. v. Hardin,* 481 F. 3d 924, 926 (6th Cir. 2007).  Petitioner is not entitled to a certificate of appealability from the denial of his motions for relief from judgment, because he has failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect.  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

IT IS HEREBY ORDERED that the "Motion to Correct Opinion and Order of Dismissal for First Writ of Habeas Corpus Petition" [DKT. # 44] and the "Supplemental Motion for Reviewing Procedural History" [Dkt. # 46] are DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that petitioner is DENIED leave to appeal *in forma pauperis.*

Dated:  December 30, 2013          S/Denise Page Hood
                                   Denise Page Hood
                                   United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 30, 2013, by electronic and/or ordinary mail.

                S/LaShawn R. Saulsberry
                Case Manager