UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NELSON COBAS,

    Petitioner,

v.

RANDALL HAAS,

    Respondent,
_____/

Civil No. 00-CV-74647-DT
HONORABLE DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

**ORDER TRANSFERRING MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE [DKT. # 53] AND THE MOTION TO PROCEED IN FORMA PAUPERIS [DKT. # 54] TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

### I. Introduction

Nelson Cobas, ("petitioner"), an inmate at the Cotton Correctional Facility in Jackson, Michigan, previously filed an application for a writ of habeas corpus before this Court pursuant to 28 U.S.C. § 2254.[1] In his application, petitioner challenged his 1991 conviction and sentence out of the Oakland County Circuit Court for first degree murder. The petition was dismissed on the ground it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *Cobas v. Burgess,* U.S.D.C. 00-CV-74647-DT, 2002 WL 230794 (E.D. Mich.

---

[1] When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Lakeland Correctional Facility, but has since been transferred to the Cotton Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Therefore, the Court substitutes Warden Randall Haas in the caption.

1

January 31, 2002); *aff'd* 306 F. 3d 441 (6th Cir. 2002); *cert. den.* 538 U.S. 984 (2003); *reh. den.* 539 U.S. 970 (2003).

Petitioner has subsequently been denied permission to file a second habeas petition by the Sixth Circuit several times. *In Re Cobas,* U.S.C.A. No. 06-1646 (6th Cir. October 24, 2006); *In Re Cobas,* U.S.C.A. No. 08-1171 (6th Cir. October 23, 2009); *In Re Cobas,* U.S.C.A. No. 08-2471 (6th Cir. April 29, 2009); *In Re Cobas,* U.S.C.A. No. 13-1139 (6th Cir. October 8, 2013).

Petitioner has now filed a motion for a new trial based on newly discovered evidence pursuant to Fed. R. Civ. P. 60(b).  For the following reasons, the Court has concluded that it must transfer this case to the Court of Appeals.

## II. Discussion

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson,* 142 F. 3d 939, 940 (6th Cir. 1998).  Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer,* 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).  Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a

second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

      Petitioner seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b). A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005). On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Id.,* at 532. A claim of "[f]raud on the federal habeas court," is an "example of such a defect." *Id.* at 532, n. 5.

Petitioner claims that he has newly discovered evidence which establishes that the search of his motor vehicle was not conducted in accordance with the police department's impoundment policy and was thus illegal. Petitioner claims that any evidence seized from his vehicle should have been suppressed as the fruits of an illegal arrest.

A Rule 60(b) motion which seeks to introduce new evidence in support of habeas claims which had previously been denied qualifies as a second or successive habeas petition. *See In Re Bowling,* 422 F. 3d 434, 439-40 (6th Cir. 2005)(district court properly construed habeas petitioner's Rule 60(b) motion, which sought to introduce new evidence in support of his previously adjudicated ineffective assistance of counsel claim, as a second or successive habeas petition). Petitioner is seeking to introduce new evidence to vindicate his previous claims. Petitioner's current Rule 60(b) motion is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization.

Petitioner has previously filed a habeas petition with the federal courts, which was dismissed on the ground that it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d(1). The dismissal of a state prisoner's § 2254 petition for failure to comply with the AEDPA's one-year statute of limitations is considered an adjudication on the merits that renders any future petitions filed under § 2254 which challenge the same conviction a "second or

successive" petition for the purpose of § 2244(b).  *See Murray v. Greiner,* 394 F. 3d 78, 81 (2nd Cir. 2005); *Reyes v. Vaughn,* 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003).  This Court's dismissal of petitioner's prior habeas application on the ground that it was barred by the statute of limitations was therefore an adjudication on the merits of petitioner's prior habeas application, for the purpose of § 2244(b).  Petitioner's current Rule 60(b) motion is a successive petition for a writ of habeas corpus and he is thus required to obtain a certificate of authorization.

### III.  Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly, the Court **IT IS ORDERED** that the "Motion for New Trial Based on Newly Discovered Evidence" [Dkt. # 53] is DENIED without prejudice and the related "Motion to Proceed In Forma Pauperis" [Dkt. # 54] is also DENIED without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court to **TRANSFER** the "Motion for New Trial Based on Newly Discovered Evidence" [Dkt. # 53] and the related "Motion to Proceed In Forma Pauperis" [Dkt. # 54] to the United States Court of Appeals for the Sixth Circuit.

Dated:  December 10, 2014         S/Denise Page Hood
                                  Denise Page Hood
                                  United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 10, 2014, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager