UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NELSON COBAS,

        Petitioner,

v.                                                                                               Case No. 2:00-cv-74647
                                                                                               Honorable Denise Page Hood

MARY BURGESS,

        Respondent.
_____/

**OPINION AND ORDER
DENYING PETITIONER'S MOTION TO SET ASIDE PREVIOUS
JUDGMENT [58], DENYING PETITIONER'S MOTION FOR LEAVE
TO PROCEED *IN FORMA PAUPERIS* [59], AND DENYING
PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT [71]**

This habeas corpus case under 28 U.S.C. § 2254 has come before the Court on petitioner Nelson Cobas' post-judgment motions (1) to set aside the Court's judgment in this case, (2) to proceed *in forma pauperis*, and (3) for relief from the Court's judgment. As explained more fully below, the dispositive motions are untimely and also meritless, and the motion to proceed *in forma pauperis* was unnecessary. The Court, therefore, will deny all three motions.

### I. BACKGROUND

Petitioner was convicted of first-degree murder in 1991 and sentenced to life imprisonment. His direct appeal ended on September 13, 1995, when the Michigan Supreme Court denied leave to appeal. *See People v. Cobas*, 450 Mich.

862; 539 N.W.2d 375 (1995) (table). On April 10, 1997, Petitioner filed a motion *nunc pro tunc* for an evidentiary hearing in the state trial court. The trial court denied his motion, but Petitioner did not appeal the trial court's decision.

On May 18, 1999, Petitioner filed a motion for relief from judgment. The state trial court denied the motion because it was a second or successive motion under Michigan Court Rule 6.502(G). On May 25, 2000, the Michigan Court of Appeals dismissed Petitioner's appeal from the trial court's order on the ground that the court lacked jurisdiction to hear an appeal from a second motion for relief from judgment. On August 3, 2000, the Michigan Supreme Court rejected Petitioner's application for leave to appeal as untimely.

On October 3, 2000, Petitioner commenced this action. The Court dismissed his habeas petition with prejudice because it was barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d). The United States Court of Appeals for the Sixth Circuit affirmed this Court's decision, *see Cobas v. Burgett*, 306 F.3d 441 (6th Cir. 2002), and on April 21, 2003, the United States Supreme Court denied Petitioner's petition for a writ of certiorari. *See Cobas v. Burgess*, 538 U.S. 984 (2003).

Petitioner filed a second petition for the writ of habeas corpus, which another judge in this district transferred to the Federal Court of Appeals for the Sixth Circuit as a second or successive habeas petition under 28 U.S.C. § 2244(b)(3)(A). *See Cobas v. Howes*, No. 2:06-cv-11560 (E.D. Mich. May 2, 2006). The Sixth Circuit Court of Appeals denied Petitioner's request for leave to file a second or successive habeas petition. *See In re Nelson Cobas,* No. 06-1646 (6th Cir. Oct. 24, 2006). Petitioner filed a third habeas corpus petition, which was also transferred to the Sixth Circuit as a second or successive petition. *See Cobas v. Howes*, No. 5:08-cv-10516 (E.D. Mich. Feb. 11, 2008). The Sixth Circuit denied leave to file a second or successive petition. *In re Nelson Cobas*, No. 08-1171 (6th Cir. Oct. 23, 2009).

Petitioner has also filed a number of post-conviction applications and motions in this case. In 2008, he filed an application for habeas corpus relief, which the Court transferred to the Sixth Circuit Court of Appeals as a second or successive habeas petition. *See* Docket No. 41, filed Sept. 9, 2008. The Sixth Circuit denied Petitioner's subsequent motion for an order authorizing this Court to adjudicate his second or successive habeas petition. *See In re Nelson Cobas*, No. 08-2471 (6th Cir. Apr. 29, 2009).

In 2013, Petitioner filed a motion to amend or correct the Court's opinion and order dismissing his habeas petition and a supplemental motion for reviewing procedural history. The Court denied both motions on December 30, 2013. *See* Docket No. 48.

In 2014, Petitioner filed a motion for new trial based on newly discovered evidence that a search of his motor vehicle was illegal. The Court transferred the motion to the Sixth Circuit as a second or successive habeas petition. *See* Docket No. 56, filed Dec. 10, 2014. The Sixth Circuit denied Petitioner's application for permission to file a second or successive habeas petition. *See In re Nelson Cobas*, No. 14-2565 (6th Cir. May 7, 2015).

Currently before the Court are Petitioner's Motion to Set Aside the Previous Judgment, his Motion for Leave to Proceed *In Forma Pauperis*, and his Motion for Relief from Judgment. In his Motion to Set Aside the Previous Judgment, Petitioner alleges that the state trial court mishandled his post-conviction motions and applied the wrong court rule in its decisions. Petitioner contends that the state court's rulings on his post-conviction motions misled him and constituted an impediment to filing a timely habeas petition because the rulings prevented him from filing an appeal that would have tolled the habeas statute of limitation. *See* Docket No. 58, pages 3-6.

4

In his Motion for Relief from Judgment, Petitioner alleges that the state trial court erred by denying his motion for relief from judgment under Michigan Court Rule 6.508(D) without providing any reason for its decision and by failing to refer to any subsection of Rule 6.508(D). As a result, Petitioner contends that this Court was precluded from reviewing the trial court's judgment. *See* Docket No. 71, pages 2 and 5. In a supporting affidavit and memorandum of law, Petitioner claims that the Court improperly applied the habeas statute of limitations to his case because the statute of limitations is not retroactive. *See* Docket Nos. 72 and 73.

## II. DISCUSSION

Petitioner brings his Motion to Set Aside the Previous Judgment and his Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b), which "allows a party to seek relief from a final judgment, and request reopening of his case under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "Rule 60(b)(6), the particular provision under which [P]etitioner brought his motion[s], permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." *Id*. at 528-29.

## A. Whether the Dispositive Motions are Successive Petitions

A preliminary question is whether Petitioner's motions are actually second or successive habeas petitions. The Supreme Court stated in *Gonzalez* that a habeas petitioner's filing which seeks vindication of a claim, as that word is used in 28 U.S.C. § 2244(b), is, if not in substance a habeas petition, at least similar enough to subject it to the same requirements. *Id*. at 531. "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Id*. at 530. A Rule 60(b) motion does not advance a "claim," when it attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. at 532. "When no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Id*. at 533.

Petitioner asserts that he is challenging the Court's ruling under AEDPA's statute of limitations. *See* Mot. to Set Aside Previous Judgment, Docket No. 58, page 3. There is some basis for this assertion, because Petitioner is arguing that the state trial court's rulings on his post-judgment motions were an impediment to filing a timely habeas petition and that the Court should not have applied the statute of limitations to his case because it is not retroactive. The Court, therefore,

will proceed to address Petitioner's arguments rather than transfer the case to the Sixth Circuit as a second or successive habeas petition.

**B. The Merits**

The Court begins its analysis by noting that a motion under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "This is a fact-specific determination," which requires a case-by-case inquiry. *Miller v. Mays*, __ F.3d __, __, No. 14-6445, 2018 WL 32068, at *4 and *7 (6th Cir. Jan. 9, 2018). The Court "evaluate[s] reasonableness by considering a petitioner's diligence in seeking relief." *Id*. at *4.

The Court issued its judgment in this case on January 31, 2002. *See* Docket No. 25. Petitioner filed his pending motions over fifteen years later in 2017, and the underlying factual basis for his motions is the state trial court's post-conviction orders, which were issued in 1997. Petitioner has not been diligent in seeking relief on the grounds asserted in his motions, and he did not file his motions within a reasonable time. His Rule 60(b) motions are untimely. Even if the motions were timely,

> [r]elief under Rule 60(b) is the exception, not the rule, and [courts] are guided by the constraints imposed by a 'public policy favoring finality of judgments and termination of litigation.' *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Particularly strict standards apply to motions made pursuant to Rule 60(b)(6), under which a court may grant relief 'only in exceptional or extraordinary circumstances' where principles of equity 'mandate'

7

relief. *Olie v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)).

*Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 2188 (2017). Exceptional and extraordinary circumstances mandating relief "'rarely occur' in the *habeas* context." *Miller*, 2018 WL 327068, at *3.

Petitioner contends that the state court's rulings on post-conviction review prevented him from filing a timely habeas petition because the rulings misled him and were confusing. Under 28 U.S.C. § 2244(d)(1)(B), the habeas statute of limitations can begin to run from "the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

The state court's rulings on Petitioner's post-judgment *nunc pro tunc* motion were brief and perfunctory. *See* Docket No. 58, page ID 144 and 149. But no state action prevented Petitioner from seeking clarification of the orders or from timely filing his habeas petition after the state trial court denied his post-judgment motions. Petitioner, therefore, is not entitled to a delayed start to the habeas petition under § 2244(d)(1)(B).

Petitioner's retroactivity argument also lacks merit. AEDPA applies to Petitioner's case because he filed his habeas petition in 2000, years after AEDPA became effective in 1996. *Lindh v. Murphy,* 521 U.S. 320, 336 (1997). The Court, moreover, afforded Petitioner a one-year grace period to file his habeas petition after AEDPA was enacted. *See* Opinion and Order of Dismissal, Docket No. 24, page 4.

### C. Certificates of Appealability

A certificate of appealability is necessary before a prisoner may appeal the denial of a Rule 60(b) motion. *Johnson v. Bell*, 605 F.3d 333, 336, 339 (6th Cir. 2010). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant must show that reasonable jurists could debate whether the motion could have been resolved differently or that the claims raised deserve further review. *Johnson*, 605 F.3d at 339 (citing *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003)).

Petitioner has not made a substantial showing of the denial of a constitutional right, and reasonable jurists could not debate whether his motions could have been resolved differently or whether his arguments deserve further review. The Court, therefore, declines to grant a certificate of appealability.

## III. CONCLUSION AND ORDER

Petitioner's dispositive motions are untimely, and they fail to establish an exceptional or extraordinary circumstance justifying relief from judgment. The Court therefore denies Petitioner's Motion to Set Aside the Previous Judgment, Docket No. 58, and his Motion for Relief from Judgment, Docket No. 71.

The Court denies as moot Petitioner's Motion for Leave to Proceed *In Forma Pauperis*, Docket No. 59, because there is no filing fee for his dispositive motions. The Court also declines to issue a certificate of appealability.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: February 27, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 27, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager